UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROLE PIERRE,

                Plaintiff,

            -v.-

IMMIGRATION SERVICE USCIS,

                Defendant.

23 Civ. 1165 (JHR)

TRANSFER ORDER

JENNIFER H. REARDEN, District Judge:

      Plaintiff Jerole Pierre, of Brooklyn, Kings County, New York, brings this *pro se* action against the United States Citizenship and Immigration Services ("USCIS").[1] Pierre asks the Court to direct USCIS "to give the reason for the delay on his [I-90] application." Compl. at 6, ECF No. 1 (also requesting "the way forward"). Elsewhere in the Complaint, Plaintiff references his petition to remove conditions on residence (I-751 petition). Compl. at 5. The Court construes Plaintiff's Complaint as seeking *mandamus* relief, under 28 U.S.C. § 1361, and additional or alternative relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 703. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Pursuant to 28 U.S.C. § 1391, claims for *mandamus* relief under 28 U.S.C. § 1361 and APA relief under 5 U.S.C. §§ 702, 703 can be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

---

[1] Plaintiff has paid the fees to bring this action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1). Any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

Plaintiff resides in Kings County, Compl. at 3 (listing his residence as in Brooklyn), which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). He does not sue any individuals. Plaintiff alleges that the events forming the basis for his claims occurred at a "US immigration office." ECF 1 at 5. He does not, however, specify the location of that office. Nor is "property . . . the subject of the action." 28 U.S.C. § 1391(e)(1)(B). Because Plaintiff has alleged no facts showing that "a substantial part of the events or omissions giving rise to the claim occurred" in this District, or that the defendant "entity with the capacity to sue and be sued" is subject to personal jurisdiction here with respect to this action, he has failed to allege that this Court is a proper venue for this case. Absent such allegations, the "judicial district in which . . . the plaintiff resides," 28 U.S.C. § 1391(C)—*i.e.*, the Eastern District of New York—is the proper venue. *See* § 1391(e)(1)(C).

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the "wrong . . . district," the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, because this Court is not a proper venue for this action, the Court transfers the action to the only proper venue for this action, the United States District Court for the Eastern District of New York.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This Order closes this action in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 23, 2023
New York, New York

                                          */s/ Jennifer H. Rearden*
                                          JENNIFER H. REARDEN
                                          United States District Judge